**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADRIANNA C. | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| FRANK BISIGNANO, | : | |
| Commissioner of the Social Security | : | |
| Administration, | : | |
| Defendant | : | NO. 26-1935 |

# MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE November 23, 2026

Adrianna C. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is granted.

## I. PROCEDURAL HISTORY[1]

On July 26, 2021, Plaintiff filed her claim for DIB. Pl. Br. at 1. Her claim was denied initially and upon reconsideration; hence, she requested a hearing. *Id.* After the hearing, the administrative law judge, using the sequential evaluation process ("SEP") for disability,[2] issued

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), the Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).

an unfavorable decision and the Social Security Administration's Appeals Council declined to review the decision. *Id.* Plaintiff sought judicial review in this court; based on the parties' agreement, the case was remanded to the Commissioner. R. 1020.

On November 13, 2025, administrative law judge Michele Lazzaro ("the ALJ") conducted a telephonic hearing at which Plaintiff, represented by counsel, and vocational expert Heili S. Randall ("the VE") testified. R. 972-89. At this hearing, Plaintiff requested a closed period of disability, from July 11, 2021 to June 4, 2023.[3] R. 975. On November 26, 2025, applying the SEP, the ALJ issued an unfavorable decision. R. 951-62. Plaintiff again seeks judicial review; the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II. FACTUAL BACKGROUND

### A. Personal History

Plaintiff, born on May 25, 1996, R. 976, was 25 years old on her alleged onset date. She has a bachelor's degree, is unmarried, has no children, and lives with a coworker. R. 976-78.

### B. Plaintiff's Testimony

At the November 13, 2025 administrative hearing, Plaintiff testified about her limitations

---

2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).

3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).

4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).

5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

[3] Plaintiff returned to work on June 5, 2023. R. 976.

during the closed period (July 11, 2021 to June 4, 2023). R. 976-83. Plaintiff testified that she was able to return to work on June 5, 2023 as a result of years of therapy and finding a medication regimen that successfully regulated her emotions and allowed her to concentrate and stay on task. R. 978-79.

Before the closed period, Plaintiff was diagnosed with bipolar disorder and was hospitalized twice within a month. R. 980. During the closed period, her concentration and ability to stay on task were poor. R. 981-82. Plaintiff's journal entries for that time show that, most days, she was only successful in taking her medication and would fail to even groom herself. R. 982. She also experienced dizziness and fatigue as side effects of her medication. R. 981. Plaintiff took one to two naps daily, of 45 to 90 minutes duration. R. 981. She performed no chores during that time and did not drive because her medication made her too drowsy. R. 978, 982. Finally, Plaintiff asserted that her cystic fibrosis affected her ability to work but she did not explain how it did so. R. 983.

C. Vocational Testimony

The ALJ determined that Plaintiff had no past relevant work. R. 985. The ALJ asked the VE to consider a person of Plaintiff's age, education, work experience, limited to light[4] work, with these additional limitations: able to occasionally climb ladders, ropes or scaffolds, able to occasionally crawl; able to frequently climb ramps or stairs; able to frequently balance stoop, kneel and crouch; able to tolerate occasional exposure to extreme cold, heat, humidity, and hazards such as high, exposed places and moving mechanical parts; unable to tolerate excessive exposure to atmospheric conditions; able to understand, remember and carry out simple instructions; able to frequently interact with supervisors, coworkers and the public; and able to tolerate occasional

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

changes in the routine work setting. R. 985. The VE responded that this individual could perform three unskilled,[5] light jobs: (1) marker, 160,000 positions in the national economy; (2) routing clerk, 121,000 positions in the national economy; and (3) furniture rental consultant, 7,200 positions in the national economy. R. 985-86. If the same person could only tolerate occasional interaction with coworkers and supervisors and no interaction with the public, she, nevertheless, could still do the marker job and two additional jobs: order caller, 9,700 positions in the national economy; and photocopying machine operator, 4,900 positions in the national economy. R. 986. The VE further opined that employers only tolerate employees being off-task 10% of the workday and missing one day of work per month. R. 986-87. The VE then described the sources for and process by which she came to obtain her estimates for job numbers in the national economy. R. 967-68. Finally, Plaintiff's attorney declined to ask the VE any questions. R. 988.

## III. THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

> 1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2027.
>
> 2. [Plaintiff] has not engaged in substantial gainful activity since the alleged onset date of July 11, 2021 (20 CFR 404.1571 *et seq.*).
>
> 3. [Plaintiff] has the following severe impairments: cystic fibrosis; asthma; chronic sinusitis; bipolar disorder; persistent depressive disorder; generalized anxiety disorder; and attention deficit hyperactivity disorder (ADHD) (20 CFR 404.1520(c)).
>
> 4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

[5] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ladders, ropes or scaffolds; occasionally crawl; frequently climb ramps or stairs; frequently balance, as defined in the Dictionary of Occupational Titles (DOT); frequently stoop; frequently kneel; and frequently crouch. [Plaintiff] can tolerate occasional exposure to extreme cold, extreme heat, humidity, and hazards, such as working in high exposed places and in proximity to moving mechanical parts. [Plaintiff] cannot tolerate excessive exposure to atmospheric conditions, as defined in the DOT. [Plaintiff] can understand, remember and carry out simple instructions, can frequently interact with supervisors, coworkers and the public, and can deal with occasional changes in a routine work setting.

6. [Plaintiff] has no past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born on May 25, 1996, and was 28 [sic] years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not an issue because Plaintiff does not have past relevant work (20 CFR 404.1568).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569 and 404.1569a).

11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from July 11, 2021, through the date of this decision (20 CFR 404.1520(g)).

R. 953-54, 956, 960-62.

## IV. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ, and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

### B. Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or

more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C. <u>Review of the Administrative Law Judge's Decision</u>

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff had no past relevant work, she could perform certain, light, unskilled jobs and, hence, was not disabled. R. 951-62. Plaintiff disputes the ALJ's decision, arguing that the ALJ: (1) improperly omitted one-to-two step tasks from the RFC assessment and hypothetical question posed to the VE; and (2) improperly evaluated her symptoms. Pl. Br. at 4-13. The Commissioner denies Plaintiff's arguments. Resp. at 4-13. This court finds that the ALJ provided a legally deficient explanation for omitting one-to-two step tasks from the RFC assessment (and hypothetical question to the VE); hence, the ALJ committed reversible legal error.

1. <u>Limitation to One-to-Two Step Tasks</u>

Plaintiff initially argues, Pl. Br. at 4-9, that the ALJ erred by omitting from the RFC

assessment the April 22, 2022 opinion of state psychological consultant, Erin Nicole Urbanowicz, Psy.D., that Plaintiff would be limited to performing only one-to-two step tasks at work. R. 91. The ALJ found Dr. Urbanowicz's opinions generally persuasive, R. 959, but rejected her limitation to one-to-two step tasks, because "it is not vocationally defined." R. 959. As explained below, the ALJ's explanation is incorrect and constitutes an error of law.

Plaintiff correctly notes that the Dictionary of Occupational Titles ("the DOT") defines "one-to-two step tasks" as a characteristic of Reasoning One Level Jobs. *See* Pl. Br. at 4 (citing, *inter alia*, *Edwards v. Kijakazi*, Civ. A. No. 21-1429, 2023 WL 6387370, *9 (E.D. Pa. Sept. 29, 2023)). The ability to carry out one-to-two step tasks is defined by the DOT as permitting jobs requiring no more than General Educational Development ("GED"), Reasoning Development Level One, which is the lowest Reasoning Development level. *See* DOT, Appendix C, § III, 1991 WL 688702. Furthermore, the DOT is recognized by the Commissioner as "a valid and reliable source" of vocational information. Social Security Ruling ("SSR") 24-3p, 2024 WL 5256890, *2. Hence, it was incorrect for the ALJ to have stated that Dr. Urbanowicz's limitation to one-to-two step tasks was not vocationally defined. The DOT defines the vocational significance of a limitation to one-to-two step tasks.

The ALJ provided a legally incorrect explanation for failing to include in the RFC assessment Dr. Urbanowicz's "generally persuasive" opinion that Plaintiff can only perform one-to-two step job tasks. This failure constitutes legal error. Furthermore, absent a valid explanation for its omission, the ALJ was required to include this limitation in any hypothetical question posed to the VE that she would rely upon. *Rutherford*, 399 F.3d at 554. Moreover, this court may only consider the explanation the VE provided in her decision. *Fargnoli*, 247 F.3d at 44 n.7 (citing *SEC v. Chenery*, 318 U.S. 80, 87 (1943)). This court is not free to conduct independent review of

the record to find valid explanations the ALJ might have omitted. *Id.* Hence, this court is compelled to find that the ALJ committed reversible legal error, and this case must be remanded so that the ALJ reconsider inclusion of Dr. Urbanowicz's restriction of Plaintiff to one-to-two step job tasks in the RFC assessment and inclusion in any hypothetical question posed to the VE, upon which the ALJ choses to rely. Absent a valid explanation, which cannot include an assertion that said limitation "is not vocationally defined," the ALJ must include Dr. Urbanowicz's limitation into the RFC assessment.

2. <u>Plaintiff's Symptoms</u>

Plaintiff argues that the ALJ committed numerous errors when evaluating her symptoms. Pl. Br. at 9-13. This argument lacks merit.

Plaintiff first complains that the ALJ improperly considered her daily activities when evaluating her symptoms. Pl. Br at 9-11. However, the applicable regulation and ruling both indicate that daily activities are relevant when the ALJ evaluates a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3)(1) (2017); SSR 16-3p, 2017 WL 5180304, *7 (2017). Hence, the ALJ did not commit legal error when she considered Plaintiff's daily activities as part of her evaluation of Plaintiff's symptoms.

Next, Plaintiff objects to the ALJ's observation that her mental health symptoms improved with medication. Pl. Br. at 11-12. Again, the applicable regulation and ruling both indicate that response to medication is relevant to evaluating a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3)(iv); SSR 16-3p, 2017 WL 5180304, *8. Therefore, the ALJ did not err when considering the effectiveness of Plaintiff's medication.

Plaintiff also complains that the ALJ "cherry picked" treatment notes that showed normal mental health findings and ignored records that corroborated her testimony. Pl. Br. at 12. This

argument constitutes an invitation for the court to reweigh the evidence, which is not permissible, under the appropriate standard of judicial review. *Rutherford*, 399 F.3d at 552.

Finally, Plaintiff maintains that it was improper for the ALJ to consider that her mental treatment was conservative. Pl. Br. at 12-13. However, both the governing regulation and ruling expressly instruct an ALJ to consider the claimant's treatment, which includes medication, when evaluating symptoms. 20 C.F.R. § 404.1529(c)(3)(iv)-(v); SSR 16-3p, 2017 WL 5180304, *8. Hence, the ALJ committed no error by considering the nature of Plaintiff's mental health treatment.

Implementing and judgment orders follow.